UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

-------------------------------------------------------------X
NEW ENGLAND BOATWORKS, INC. and
SHM NEB, LLC d/b/a SAFE HARBOR NEW
ENGLAND BOATWORKS

                              C.A. No.: 1:20-cv-_____

                 Plaintiffs,

    -against-

AURORA, a 2008 67-foot Uniesse Marine SRL
motor yacht (Official # 1209706), its engines,
generators, electronics, tackle, tender,
furnishings, contents, storage containers,
bunkers, appurtenances, etc., in rem;
YACHTING REVOLUTION, LTD., in
personam; and MARC TRACHTENBERG, in
personam,

                 Defendants.
-------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiffs NEW ENGLAND BOAT WORKS, INC. and SHM NEB, LLC d/b/a Safe Harbor New England Boatworks, by and through their undersigned counsel, hereby file this Verified Complaint against AURORA, a 2008 67-foot Uniesse Marine SRL motor yacht (Official # 1209706), its engines, generators, electronics, tackle, tender, furnishings, contents, storage containers, bunkers, appurtenances, etc., in rem, (collectively "Vessel"); YACHTING REVOLUTION, LTD., in personam; and MARC TRACHTENBERG, in personam, alleging in support thereof as follows:

## INTRODUCTION

1. This lawsuit is brought by marina interests that provided (and continue to provide) services, supplies and storage to a luxury motor yacht. Despite demanding payment, the marina interests' invoices remain outstanding and charges continue to accrue.

2. Among other things, this lawsuit seeks to foreclose a maritime lien in accordance with Rule C of the Supplemental Rules for certain admiralty and maritime claims and the Rules of the United States District Court for the District of Rhode Island.

## JURISDICTION & VENUE

3. This is a case within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333 and 46 U.S.C. § 31301 *et seq.*, and is an admiralty or maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4. The Court has federal question jurisdiction over the federal statutory maritime foreclosure claim against the Defendants pursuant to Title 46 U.S.C. § 31342(a) of the Commercial Instruments and Maritime Liens Act.

5. To the extent this Court is required to make a declaratory judgment concerning the priority of competing maritime and non-maritime liens, the Court has subject matter jurisdiction to do so under Title 28 U.S.C. §§ 2201 and 2202; Title 46 U.S.C. § 31301 *et. seq.*; and Title 28 U.S.C. § 1333.

6. The Court has supplemental jurisdiction pursuant to Title 28 U.S.C. § 1367 over claims that do not fall within the Court's federal question or admiralty jurisdiction.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) - (3) as well as under the special venue considerations applicable to admiralty actions because the Vessel is located in Newport County, Rhode Island; the services, supplies and storage were provided (and are continuing to be provided) to the Defendants in Newport County, Rhode Island and most of the witnesses are located within the Court's jurisdiction.

## PARTIES

8.      Plaintiff New England Boatworks, Inc. is a business entity organized and existing under the laws of the State of Rhode Island with its principal place of business located at One Lagoon Road, Portsmouth, RI 02871.

9.      Plaintiff SHM NEB, LLC d/b/a Safe Harbor New England Boatworks is a business entity organized and existing under the laws of the State of Delaware and with its principal place of business located in Dallas County, Texas.

10.     At all times material hereto, Plaintiffs were registered to do business in the State of Rhode Island.

11.     In or around 2019, Plaintiff SHM NEB, LLC d/b/a Safe Harbor New England Boatworks, Inc. purchased the assets of Plaintiff New England Boatworks, Inc. (collectively "SHM") such that each Plaintiff possesses an interest in the claims against the in personam Defendants (in varying amounts) and a maritime lien as against the in rem Defendant (in varying amounts).

12.     SHM operates a vessel repair, storage and marina facility in Portsmouth, Newport County, Rhode Island.

13.     <u>In rem</u> Defendant AURORA is an approximately 67' motor yacht of fiberglass construction manufactured by Uniesse Marine SRL in Italy in 2008 (hereinafter "Vessel").

14.     The Vessel is currently located and will be located, during the pendency of process herein, within the District of Rhode Island and within the jurisdiction of the Court.



Image # 1 depicting Vessel at SHM's Portsmouth, RI facility

15.     Some of the Vessel's appurtenances are stored under and around the Vessel as well as in a ZIM shipping container believed to bear # ZCSU 238441 which container is located at SHM's Portsmouth, Rhode Island facility and SHM includes the contents stored under and around the Vessel as well as the contents of the shipping container as part of the term "Vessel".

16.     <u>In personam</u> Defendant Yachting Revolution, Ltd. is identified as the owner on the Vessel's Abstract of Title, attached as Exhibit "A."

17. Upon information and belief, Defendant Yachting Revolution, Ltd. was incorporated under the laws of the State of New York, but its incorporation status is listed as "inactive" as of September 11, 2008.

18. Upon information and belief, at all times material hereto, Defendant Marc Trachtenberg is the owner and/or beneficial owner of the Vessel.

19. Upon information and belief, at all times material hereto, Defendant Marc Trachtenberg operated, managed, maintained, controlled, funded, contracted and otherwise acted with respect to the Vessel and the services and supplies provided by Plaintiffs.

20. Upon information and belief, Defendant Yachting Revolution, Ltd. was the alter ego of Defendant Marc Trachtenberg and at all times material hereto, Defendant Marc Trachtenberg completely controlled, dominated, managed and operated Defendant Yachting Revolution, Ltd. to suit his convenience such that an adherence to the fiction of there being a separate entity would sanction a fraud or promote an injustice.

21. The facts including the hiring and payment for services, supplies and storage support the exercise of personal jurisdiction over the in personam Defendants.

## FACTS COMMON TO ALL ALLEGATIONS

22. In or around December, 2014 the Vessel was delivered to SHM's Portsmouth, Rhode Island facility.

23. SHM provided services and supplies to the Vessel including, but not limited to, dockage, storage, maintenance and other services all at its facility in Portsmouth, Rhode Island on the orders of the Vessel's owner(s) and/or persons authorized by the

owner(s) and/or by persons presumed to have authority to procure necessaries under 46 U.S.C. § 31341.

24.     As near as can now be calculated, there is an outstanding balance due SHM in the amount of $316,905 (plus interest in the sum of $78,085) with Plaintiff New England Boatworks, Inc. asserting a claim (as near as can now be calculated in the sum of $266,448) and Plaintiff SHM NEB, LLC d/b/a Safe Harbor New England Boatworks asserting a claim (as near as can now be calculated in the sum of $50,457).

25.     SHM's most recent statement of account ("Statement") showing the outstanding balance due for the supplies and services provided to the Vessel is attached hereto as Exhibit "B".

26.     SHM demanded payment for the supplies and services including the unpaid storage it provided, but no payment has been forthcoming.

27.     As near as can now be calculated, the Vessel and its owner(s) owe SHM the sum of $316,905 for the supplies and services they provided as well as for other accruing necessaries such as storage.

28.     The supplies and services (including the storage) SHM provided (and continue to provide) to the Vessel are "necessaries" as that term is defined by 46 U.S.C. § 31301, *et seq.* and as that term is understood by the General Maritime Law.

29.     If a valid preferred ship mortgage exists against the Vessel, then SHM alleges the mortgage is subordinate to SHM's maritime lien by reason of, among other reasons, equity.

30.     SHM is entitled to recover the full amount of its maritime necessaries lien ($316,905) before subordinate liens, if any.

31.     SHM is entitled to credit bid up to the full amount of its <u>in</u> <u>rem</u> judgment at a Court ordered Marshal's sale of the Vessel.

32.     If a third-party purchases the Vessel at the Court ordered Marshal's sale, SHM is entitled to recover the full amount of its judgment from the Vessel's sale proceeds before lower ranking liens are paid.

33.     The continued storage of the Vessel at SHM's facility prevents SHM from storing other vessel(s) in the space utilized by the Vessel causing it to lose revenue.

34.     All prerequisites to the maintenance of this action have been waived, performed or complied with.

## COUNT ONE

(Foreclosure of a Maritime Lien for Necessaries – <u>In</u> <u>Rem</u> Defendant Vessel)

35.     Plaintiffs adopt and reallege the allegations in all of the above paragraphs and further state:

36.     SHM provided storage, services, utilities and supplies (collectively in this Count referred to as "Services") to the Vessel with, upon information and belief, the full knowledge and consent of the Vessel's owner(s) (<u>In</u> <u>Personam</u> Defendants) which Services benefit the Vessel.

37.     Although demanded, charges in the amount of approximately $316,905 have not been paid and additional charges continue to accrue and SHM reserves its right to add to this amount any charges incurred up through the time of judgment.

38.     The Services SHM provided and continues to provide to the Vessel constitute a maritime lien for necessaries under the General Maritime Law, 46 U.S.C. § 31341, *et seq.,* and give rise to a maritime lien in SHM's favor.

39. SHM hereby seeks foreclosure of its maritime lien against the Vessel and seeks reasonable court costs as well as attorneys' fees and interest (to the extent permitted by law), and any and all other costs relating to this foreclosure action as allowed for pursuant to the General Maritime Law.

## COUNT TWO

(Breach of Contract – <u>In Personam</u> Defendants)

40. Plaintiffs adopt and reallege the allegations in all of the above paragraphs and further state:

41. SHM provided storage, services, utilities and supplies (collectively in this Count referred to as "Services") for the benefit of and with full knowledge and acceptance of the <u>in personam</u> Defendants.

42. SHM provided the Services with the understanding and agreement that the <u>in personam</u> Defendants would pay SHM its usual and customary rates for such Services and Defendants agreed to do so.

43. At all times material hereto, SHM invoiced for the Services provided to the Vessel.

44. There is a history of prior performance whereby the <u>in personam</u> Defendants paid the invoices SHM issued without objection or qualification.

45. Although demanded, none of the <u>in personam</u> Defendants nor anyone acting on their behalf have paid for the Services SHM provided as shown in the Statement attached as Exhibit "B".

46. The <u>in personam</u> Defendants have breached their agreement with SHM by failing to pay for the Services.

47. The in personam Defendants have no legal or factual bases for failing to pay.

48. As a direct and proximate result of this breach of the agreement, SHM has sustained damages.

49. SHM is entitled to receive payment in an amount to be determined at trial and not less than $316,905 as well as payment for all of its provable damages including interest, taxes, attorneys' fees (as allowed by the applicable law) and all other costs of suit.

## COUNT THREE

(Unjust Enrichment – In Personam Defendants)

50. Plaintiffs adopt and reallege the allegations in all of the above paragraphs and further state:

51. SHM provided storage, services, utilities and supplies (collectively in this Count referred to as "Services") to the Vessel for the benefit of and with full knowledge and acceptance by the in personam Defendants.

52. The Services supplied by SHM were valuable and benefitted (and continue to benefit) Defendants.

53. At all times material hereto, in personam Defendants (and other persons and entities associated with the Vessel) knew SHM was providing the Services and that SHM expected and was entitled to payment for these Services.

54. The in personam Defendants received the Services supplied by SHM and did not object.

55. To avoid unjust enrichment that would otherwise improperly inure to the benefit of the in personam Defendants, SHM is entitled to recover the reasonable value

of the Services supplied by SHM, in a sum to be determined at trial and as near as can now be calculated is $316,905 plus interest, attorneys' fees and costs (as allowed by applicable law) and all other costs of suit.

WHEREFORE, Plaintiffs pray:

(a)     That process in due form of law, according to the rules and laws of this Court in causes of admiralty and maritime jurisdiction issue against the Vessel in rem, and that all persons claiming any right, title, or interest then be cited to appear and answer under oath the all and singular matters aforesaid;

(b)     That all persons or entities having or claiming an interest therein be required to appear and answer the aforesaid matters;

(c)     That Plaintiffs be decreed to have a lien upon the Vessel, in rem and that such lien be foreclosed in accordance with the law and thereupon that the Vessel be condemned and sold in payment of the amount due and all such other sums as owed, and that Plaintiffs be permitted to credit bid the amount of their liens at the Vessel's sale;

(d)     That this Court further award Plaintiffs the total amount due as alleged herein, with interest and costs, and that Plaintiffs be permitted to recover the same from the Vessel, in rem, along with all attorneys' fees, costs and interest (as allowed by applicable law) incurred by Plaintiffs;

(e)     That this Court further award Plaintiffs judgment on its Count Two against the in personam Defendants for breach of contract along with attorneys' fees (as allowed by the applicable law), costs and interest;

(f) That this Court further award Plaintiffs judgment on its Count Three against the <u>in personam</u> Defendants for unjust enrichment along with attorneys' fees (as allowed by the applicable law), costs and interest; and

(g) That the Court provide such other, further or different relief as it deems just and equitable under the circumstances.

// Signature Page Follows //

Dated: Newport, Rhode Island
April 29, 2020

> Respectfully submitted,
>
> NEW ENGLAND BOATWORKS, INC.
>
> SHM NEB, LLC D/B/A SAFE HARBOR NEW ENGLAND BOATWORKS
>
> By their attorneys,
>
> Fulweiler llc
>
> /s/ John K. Fulweiler
> _____
> John K. Fulweiler, Esq.
> W.B. Franklin Bakery Building
> 40 Mary Street
> Newport, RI 02840
> Telephone: 401-667-0977
> E-mail: john@saltwaterlaw.com
> www.saltwaterlaw.com

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, John O'Connor, declare under penalty of perjury that the foregoing is true and correct:

1. I am the General Manager of SHM NEB, LLC d/b/a Safe Harbor New England Boatworks ("SHM").

2. I have read the foregoing Verified Complaint and know the contents of the same to be true to the best of my knowledge upon information and belief.

3. The source of my knowledge and the grounds for my belief as to all matters stated in the Verified Complaint are reports made to me by employees, documents maintained in our office, and my own, personal knowledge.

4. I am authorized to make these representations on behalf of SHM.

I declare under penalty of perjury that the foregoing is true and correct.

SHM NEB, LLC d/b/a Safe Harbor New England Boatworks.

By: _____
John O'Connor, General Manager

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Thomas C. Rich, declare under penalty of perjury that the foregoing is true and correct:

1. I am the Treasurer of New England Boatworks, Inc. ("NEB").

2. I have read the foregoing Verified Complaint and know the contents of the same to be true to the best of my knowledge upon information and belief.

3. The source of my knowledge and the grounds for my belief as to all matters stated in the Verified Complaint are reports made to me by employees, documents maintained in our office, and my own, personal knowledge.

4. I am authorized to make these representations on behalf of NEB.

I declare under penalty of perjury that the foregoing is true and correct.

New England Boatworks, Inc.

By: _____
Thomas C. Rich, Treasurer