UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

---

X NEW ENGLAND BOATWORKS, INC. and
SHM NEB, LLC d/b/a SAFE HARBOR NEW
ENGLAND BOATWORKS

                              Plaintiffs,

    -against-

AURORA, a 2008 67-foot Uniesse Marine SRL
motor yacht (Official # 1209706), its engines,
generators, electronics, tackle, tender, furnishings,
contents, storage containers, bunkers,
appurtenances, etc., <u>in rem</u>; YACHTING
REVOLUTION, LTD., <u>in personam</u>; and MARC TRACHTENBERG, <u>in personam</u>,

                              Defendants.

---

C.A. No.: 1:20-cv-00189-MSM-PAS

X M & T BANK

                              Intervenor.

---X

## AMENDED ANSWER, AFFIRMATIVE DEFENSES, and COUNTERCLAIM OF DEFENDANTS YACHTING REVOLUTION, LTD. and MARC TRACHTENBERG TO COMPLAINT OF NEW ENGLAND BOATWORKS, INC. and SHM NEB, LLC d/b/a SAFE HARBOR NEW ENGLAND BOATWORKS

Defendants Yachting Revolution, Ltd. and Marc Trachtenberg (collectively "Yachting Revolution") as and for their Amended Answer and Counterclaim to the Complaint of Plaintiffs New England Boatworks, Inc. and SHM MEB, LLC, d/b/a Safe Harbor New England Boatworks (collectively "NEB") assert as follows:

1. Deny the allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint is a declaration and characterization of the action with respect to which no response is required of Yachting Revolution. To the extent a response is required Yachting Revolution denies the allegations of paragraph 2.

3. Paragraph 3 is an assertion of jurisdiction calling for a conclusion of law with respect to which no answer is required of Yachting Revolution. To the extent a response is required, Yachting Revolution denies the allegations of paragraph 3.

4. Yachting Revolution denies that the court has "Federal Question" jurisdiction for the purposes stated.

5. Paragraph 5 is an assertion of jurisdiction calling for a conclusion of law with respect to which no answer is required of Yachting Revolution. To the extent a response is required, Yachting Revolution denies the allegations of paragraph 5.

6. Paragraph 6 is an assertion of jurisdiction calling for a conclusion of law with respect to which no answer is required of Yachting Revolution. To the extent a response is required, Yachting Revolution denies the allegations of paragraph 6.

7. Paragraph 7 is an assertion of venue calling for a conclusion of law with respect to which no answer is required of Yachting Revolution. To the extent a response is required, Yachting Revolution denies the allegations of paragraph 7.

**PARTIES**

8. Yachting Revolution is without knowledge or information sufficient to form a belief as to the allegations of paragraph eight and therefore denies same.

9. Yachting Revolution is without knowledge or information sufficient to form a belief as to the allegations of paragraph nine and therefore denies same.

10. Yachting Revolution is without knowledge or information sufficient to form a belief as to the allegations of paragraph ten and therefore denies same.

11. Yachting Revolution is without knowledge or information sufficient to form a belief as to the allegations of paragraph eleven and therefore denies same.

12. Yachting Revolution is without knowledge or information sufficient to form a belief as to the allegations of paragraph twelve and therefore denies same.

13. Yachting Revolution admits the allegations of paragraph thirteen of NEB's complaint.

14. Yachting Revolution admits that the Vessel is currently located within the District of Rhode Island but denies the remaining allegations of paragraph fourteen of NEB's complaint.

15. Yachting Revolution admits that some of the Vessel's appurtenances are currently located within the District of Rhode Island at Portsmouth but is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph fifteen of NEB's complaint and therefore denies same.

16. Yachting Revolution admits the allegations of paragraph sixteen of NEB's complaint.

17. Paragraph seventeen calls for a conclusion of law with respect to which no answer is required of Yachting Revolution. To the extent a response is required, Yachting Revolution denies the allegations of paragraph 17.

18. Paragraph eighteen calls for a conclusion of law with respect to which no answer is required of Yachting Revolution. To the extent a response is required, Yachting Revolution denies the allegations of paragraph 18.

19. Paragraph nineteen calls for a conclusion of law with respect to which no answer is required of Yachting Revolution. To the extent a response is required, Yachting Revolution denies the allegations of paragraph 19.

20. Yachting Revolution denies the allegations of paragraph twenty of NEB's complaint.

21. Paragraph 21 is an assertion of jurisdiction calling for a conclusion of law with respect to which no answer is required of Yachting Revolution. To the extent a response is required, Yachting Revolution denies the allegations of paragraph 21

## FACTS COMMON TO ALL ALLEGATIONS

22. Yachting Revolution admits the allegations of paragraph twenty-two of NEB's complaint.

23. Paragraph twenty-three calls for a conclusion of law with respect to which no answer is required of Yachting Revolution. To the extent a response is required, Yachting Revolution denies the allegations of paragraph 23.

24. Yachting Revolution denies the allegations of paragraph twenty-four of NEB's complaint.

25. Yachting Revolution denies the allegations of paragraph twenty-five of NEB's complaint.

26. Yachting Revolution admits the allegations of paragraph twenty-six of NEB's complaint.

27. Yachting Revolution denies the allegations of paragraph twenty-seven of NEB's complaint.

28. Yachting Revolution denies the allegations of paragraph twenty-eight of NEB's complaint.

29. Yachting Revolution denies the allegations of paragraph twenty-nine of NEB's complaint.

30. Yachting Revolution denies the allegations of paragraph thirty of NEB's

complaint.

31. Yachting Revolution denies the allegations of paragraph thirty-one of NEB's complaint.

32. Yachting Revolution denies the allegations of paragraph thirty-two of NEB's complaint.

33. Yachting Revolution denies the allegations of paragraph thirty-three of NEB's complaint.

34. Yachting Revolution denies the allegations of paragraph thirty-four of NEB's complaint.

**COUNT ONE**

35. Yachting Revolution reasserts and reiterates each of its responses to paragraphs one through thirty-four, inclusive, of NEB's complaint and incorporates the same by reference herein.

36. Yachting Revolution denies the allegations of paragraph thirty-six of NEB's complaint.

37. Yachting Revolution denies the allegations of paragraph thirty-seven of NEB's complaint.

38. Yachting Revolution denies the allegations of paragraph thirty-eight of NEB's complaint.

39. Yachting Revolution denies the allegations of paragraph thirty-nine of NEB's complaint.

WHEREFORE, Yachting Revolution asks this Honorable Court to enter judgment in its favor on Count One and for an award of costs and reasonable attorney's fees.

## COUNT TWO

40. Yachting Revolution reasserts and reiterates each of its responses to paragraphs one through thirty-nine, inclusive, of NEB's complaint and incorporates the same by reference herein.

41. Yachting Revolution denies the allegations of paragraph forty-one of NEB's complaint.

42. Yachting Revolution denies the allegations of paragraph forty-two of NEB's complaint.

43. Yachting Revolution denies the allegations of paragraph forty-three of NEB's complaint.

44. Yachting Revolution denies the allegations of paragraph forty-four of NEB's complaint.

45. Yachting Revolution denies the allegations of paragraph forty-five of NEB's complaint.

46. Yachting Revolution denies the allegations of paragraph forty-six of NEB's complaint.

47. Yachting Revolution denies the allegations of paragraph forty-seven of NEB's complaint.

48. Yachting Revolution denies the allegations of paragraph forty-eight of NEB's complaint.

49. Yachting Revolution denies the allegations of paragraph forty-nine of NEB's complaint.

WHEREFORE, Yachting Revolution asks this Honorable Court to enter judgment in its favor on Count Two and for an award of costs and reasonable attorney's fees.

## COUNT THREE

50. Yachting Revolution reasserts and reiterates each of its responses to paragraphs one through forty-nine, inclusive, of NEB's complaint and incorporates the same by reference herein.

51. Yachting Revolution denies the allegations of paragraph fifty-one of NEB's complaint.

52. Yachting Revolution denies the allegations of paragraph fifty-two of NEB's complaint.

53. Yachting Revolution denies the allegations of paragraph fifty-three of NEB's complaint.

54. Yachting Revolution denies the allegations of paragraph fifty-four of NEB's complaint.

55. Yachting Revolution denies the allegations of paragraph fifty-five of NEB's complaint.

WHEREFORE, Yachting Revolution asks this Honorable Court to enter judgment in its favor on Count Three and for an award of costs and reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

Further answering the Complaint and for separate, partial or complete defenses thereto, Yachting Revolution asserts the following Affirmative Defenses as to each and every paragraph of NEB's complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state cause of action and/or fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

NEB has failed to comply with the provisions of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## THIRD AFFIRMATIVE DEFENSE

Yachting Revolution's claims against the Vessel are superior in rank to any of the claims of other parties thereto.

## FOURTH AFFIRMATIVE DEFENSE

NEB's claims must fail for want of consideration.

## FIFTH AFFIRMATIVE DEFENSE

NEB's claims must fail under the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

NEB's has waived its right to assert the claims set out in its Complaint and is estopped from bringing them.

## SEVENTH AFFIRMATIVE DEFENSE

At all times material hereto, Yachting Revolution acted in good faith and hold a preferred claim of right, title, and/or interest in and to the Vessel as against any other party.

## EIGHTH AFFIRMATIVE DEFENSE

NEB's claims must fail under the doctrine of accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

NEB has failed to comply with the requirements of Rule 9 of the Federal Rules of Civil Procedure as they do not plead with particularity the circumstances constituting fraud as asserted in paragraph 20 of the verified complaint and the same should, therefore, be dismissed as to defendant Marc Tractenberg.

WHEREFORE Plaintiffs/Intervenor Defendants Yachting Revolution, Ltd. and Marc Trachtenberg respectfully request that this Answer and their Affirmative Defenses to the Verified Complaint be deemed good and sufficient, and that there be judgment entered in their favor as to all counts of both the primary complaint and the intervening complaint, that they have valid and superior ranking interests as to the *in rem* Defendant Vessel in such amounts as will be shown at trial of this matter, plus interest and attorneys' fees and costs, and granting such other, further and/or additional relief as is deemed just and equitable.

## COUNTERCLAIM

NOW COME Yachting Revolution, Ltd. and Marc Trachtenberg (collectively "Yachting Revolution"), by and through their counsel, and as and for their Counterclaim against NEB state as follows:

## JURISDICTION

1. The jurisdiction of this Court is based upon 28 U.S.C. §1333, as amended and this is a case of admiralty and maritime jurisdiction as hereinafter more formerly appears, and is within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## PARTIES

2. Defendant/Counterclaim Plaintiff Yachting Revolution, Ltd. is a corporation organized pursuant to the laws of the State of Rhode Island and Providence Plantations and at all times material hereto was, and now is, the legal, equitable and titular owner of the yacht AURORA, Official No. 1064210 (hereinafter, "the Vessel").

3. Defendant/Counterclaim Plaintiff Marc Tractenberg is a citizen of the State of New York and at all times material hereto, a beneficial owner of the Vessel. Defendants in counterclaim are hereafter collectively referred to as "Yachting Revolution.")

4. Upon information and belief, Counterclaim Defendant New England Boatworks, Inc. is a business entity organized and existing under the laws of the State of Rhode Island

with its principal place of business located at One Lagoon Road, Portsmouth, RI 02871 and Counterclaim Defendant SHM NEB, LLC d/b/a Safe Harbor New England Boatworks is a business entity organized and existing under the laws of the State of Delaware and with its principal place of business located in Dallas County, Texas. Hereafter, they are collectively referred to as "NEB").

5. In or about November, 2012, NEB entered into a contract with Yachting Revolution pursuant to which NEB was to perform certain repairs, renovations, refurbishments and other work on and to the Vessel.

6. In the course of work undertaken by NEB they moved the vessel into their shed (prior to work starting) and, in doing so, damaged the vessel. When they repaired the damage they had done they charged defendants.

7. NEB has charged Defendants for storage during the period they were carrying out the repairs which Defendants did not agree to pay as part of the contract.

8. NEB undertook the repairs and attempted to carry them out in an inefficient manner which caused higher costs that NEB has improperly attempted to pass along to the Defendants.

9. NEB represented that they had the expertise to complete the work they agreed to perform on the vessel and the ability otherwise to do it in a workmanlike and high quality manner but, in fact, did not have such expertise and did not carry out the work as represented and promised.

10. NEB represented and/or promised that they would provide proper and efficient project management with respect to the work to be undertaken on the vessel but failed to do so and/or failed to do so in an efficient and workmanlike fashion.

11. NEB's work on the vessel was deficient, defective, unworkmanlike, inferior, not

done to industry standards, done inefficiently, and otherwise contrary to the terms of the agreement between the parties as will be shown at trial.

12.  Yachting Revolution sought an accounting from NEB with respect to the work for which they are being invoiced but NEB has failed and refused to provide the accounting sought in a way that would allow Yachting Revolution to determine accurately what they are being billed for.

**COUNT I**
(Breach of Contract)

13.  Defendants/Counterclaim Plaintiffs repeat and re-state the allegations set forth in Paragraphs 1 through 12, inclusive, above, of their Counterclaim with the same force and effect as if more fully set forth herein.

14.   NEB breached said contract by failing to complete the work on the Vessel in a timely, proper and workmanlike manner and for the reasons set forth above.

15.   As a direct and proximate result of NEB' breach as aforesaid, Yachting Revolution has incurred damages, including but not limited to, the costs associated with redoing and/or finishing work not done or improperly done by NEB and expenses related to storage and relocation of the Vessel, work by third party providers that were paid due to NEB negligence and costs due to their lack of project management and inefficient operation.

WHEREFORE, Yachting Revolution demands judgment against NEB in an amount according to proof, together with its costs and attorney's fees incurred herein.

**COUNT II**
(Breach of Implied Warranty of Workmanlike Performance Under the
General Maritime Law of the United States)

16.   Defendants/Counterclaim Plaintiffs repeat and re-state the allegations set forth in Paragraphs 1 through 15, inclusive, above, of their Counterclaim with the same force and

11

effect as if more fully set forth herein.

17. NEB agreed to perform its work on the Vessel in a diligent and workmanlike manner.

18. NEB failed to perform said work in a diligent and workmanlike manner by, *inter alia*, failing to complete the work in a timely fashion, doing work that was deficient, overcharging for work done and undone, and charging storage not earned or which was ancillary to, and not separate from, the work undertaken and otherwise as set forth about and will be shown at trial.

19. NEB' actions as aforesaid constitute a breach of the implied warranty of workmanlike performance under the General Maritime Law of the United States.

20. As a direct and proximate result of NEB' breach of warranty as aforesaid, Yachting Revolution has incurred damages, including but not limited to, the costs associated with redoing and/or finishing work not done or improperly done by NEB and expenses related to storage and relocation of the Vessel.

WHEREFORE, Yachting Revolution demands judgment against NEB in an amount according to proof, together with its costs and attorney's fees incurred herein.

## COUNT III
(Breach of Implied Warranty of Fitness for Particular Purpose)

21. Defendants/Counterclaim Plaintiffs repeat and re-state the allegations set forth in Paragraphs 1 through 20, inclusive, above, of their Counterclaim with the same force and effect as if more fully set forth herein.

22. Prior to contracting with Yachting Revolution for the work to be done on and to the Vessel, Yachting Revolution advised NEB of, and specified, the specialized nature of the work required to repair the vessel and put it in a condition acceptable to

defendants. At that time, NEB was aware that Yachting Revolution was seeking such work and was relying on NEB' expertise, skill and judgment in selecting specified materials appropriate unspecified material and employing qualified labor for Yachting Revolution's intended purposes and needs.

23. Yachting Revolution relied upon NEB's expertise, skill and judgment in doing the work specified by and for the Vessel.

24. In fact, the materials and labor provided by NEB and the manner in which it proceeded with the work were not fit for the particular purpose for which they were required and intended.

25. NEB' actions as aforesaid constitute a breach of the implied warranty of fitness for a particular purpose.

26. As a direct and proximate result of NEB' breach of warranty as aforesaid, Yachting Revolution has incurred, and will continue to incur, damages, including without limitation, the cost to redo or finish the work and a diminution in the value of the vessel.

WHEREFORE, Yachting Revolution demands judgment against NEB in an amount according to proof, together with its costs and attorney's fees incurred herein.

## COUNT IV
(Misrepresentation)

27. Defendants/Counterclaim Plaintiffs repeat and re-state the allegations set forth in Paragraphs 1 through 26, inclusive, above, of their Counterclaim with the same force and effect as if more fully set forth herein.

28. NEB intentionally and/or negligently made material misrepresentations to Yachting Revolution regarding the work which it proposed to do and did install on the Vessel.

29. At the time NEB made said misrepresentations, it knew them to be false, or made said misrepresentations without knowledge as their truth or falsity, and/or made

said misrepresentations under circumstances in which it ought to have known of their falsity.

30. NEB intended that said misrepresentations would induce Yachting Revolution to act thereon.

31. Yachting Revolution reasonably relied upon NEB' misrepresentations and was fraudulently induced thereby to undertake the work recommended by NEB on the Vessel. Yachting Revolution would not have purchased and installed certain materials or entered into the contract but for NEB' misrepresentations.

32. As a direct and proximate result of NEB's misrepresentations as aforesaid, Yachting Revolutions has incurred, and will continue to incur, damages, including without limitation, the cost to finish and/or redo the work and a diminution in the value of the vessel.

WHEREFORE, Yachting Revolution demands judgment against NEB in an amount according to proof, together with its costs and attorney's fees incurred herein.

## COUNT V
(Negligence Under General Maritime Law)

33. Defendants/Counterclaim Plaintiffs repeat and re-state the allegations set forth in Paragraphs 1 through 32, inclusive, above, of their Counterclaim with the same force and effect as if more fully set forth herein.

34. NEB owed Yachting Revolution a duty to act with reasonable care in carrying out work for it on the Vessel.

35. Yachting Revolution breached the duty of care it owed Yachting Revolution through acts or omissions including improper work, deficient work, untimely work and otherwise as will be shown at trial.

WHEREFORE, Yachting Revolution demands judgment against NEB in an amount according to proof, together with its costs and attorney's fees incurred herein.

## COUNT VI
### (Maritime Bailment)

36. Defendants/Counterclaim Plaintiffs repeat and re-state the allegations set forth in Paragraphs 1 through 35, inclusive, above, of their Counterclaim with the same force and effect as if more fully set forth herein.

37. The Vessel was delivered into the possession and control of NEB in a sound and good condition save for the issues that NEB had agreed to repair, refurbish or otherwise improve.

38. NEB accepted possession and control of the Vessel from plaintiff in a sound and good condition save for the issues that NEB had agreed to repair, refurbish or otherwise improve. Said possession and control was exclusive as to NEB which was a maritime bailee-in-possession of the Vessel.

39. During the time Yachting Revolution was in the exclusive possession and control of the Vessel she sustained significant and material damages.

40. Despite demand by Yachting Revolution, NEB has failed and continues to fail to redeliver the Vessel to it in the same like condition as when accepted by it and incapable of doing so.

41. As a result of NEB's failure to return the Vessel to Yachting Revolution in the same like condition as when delivered to defendant, and its inability to do so, NEB is liable to Yachting Revolution in the amount of its damages.

WHEREFORE, Yachting Revolution demands judgment against NEB in an amount according to proof, together with its costs and attorney's fees incurred herein.

## COUNT VII
### (Wrongful Arrest)

42. Defendants/Counterclaim Plaintiffs repeat and re-state the allegations set forth

in Paragraphs 1 through 41, inclusive, above, of their Counterclaim with the same force and effect as if more fully set forth herein.

43. NEB's assertion of a maritime lien and arrest of the vessel on grounds that it was necessary to do so to protect its interests was not bona fide.

44. Given the facts aforesaid, NEB's actions in arresting the vessel were without probable cause and done with bad faith and malice, and/or gross negligence, rendering the arrest wrongful.

45. As a result of NEB's wrongful detention and seizure of the Vessel, Yachting Revolution is entitled to provable damages, vacation of the *in rem* warrant, release of the vessel from *custodia legis* and an award of attorney's fees.

WHEREFORE, YACHTING REVOLUTION demands judgment against NEB in an amount according to proof, together with its costs and attorney's fees incurred herein.

Dated:  September 24, 2020

By their attorneys,

WELTE & WELTE, P.A.

/s/ *William H. Welte*
William H. Welte, Esq.
(*Pro Hac Vice*)
13 Wood Street
Camden, ME  04843
Tel: 207-236-7786
Email:  wwelte@weltelaw.com

MANNING GROSS & MASSENBURG, LLP

/s/ *Matthew T. Giardina*
Matthew T. Giardina, Esq.
One Citizens Plaza, Suite 620
Providence, RI  02903
Tel: 401-443-2100
Email: mgiardina@mgmlaw.com
Bar No.:  8981

## **CERTIFICATE OF SERVICE**

Pursuant to LR Gen 309, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 24, 2020.

"/s/ *William H. Welte*