UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
(In Admiralty)

----------------------------------------------
---------- NEW ENGLAND
BOATWORKS, INC. and SHM NEB,
LLC d/b/a SAFE HARBOR NEW
ENGLAND BOATWORKS

                                               C.A. No.: 1:20-cv-00189-MSM-PAS

                         Plaintiffs,

       -against-

AURORA, a 2008 67-foot Uniesse
Marine SRL motor yacht (Official #
1209706), its engines, generators,
electronics, tackle, tender,
furnishings, contents, storage
containers, bunkers, appurtenances,
etc., *in rem*; YACHTING
REVOLUTION, LTD., *in
personam*; and MARC
TRACHTENBERG, *in personam*,

                            Defendants.
----------------------------------------------

M & T BANK, Intervenor.

----------------------------------------------

## Local Rule 16 Statement of Defendants Yachting Revolution, Ltd., Marc Tractenberg, and the Motor Yacht AURORA, (O.N. 1209706)

Now come the Defendants Yachting Revolution, Ltd., Marc Tractenberg, and the Motor Yacht AURORA, (O.N. 1209706) (hereinafter collectively referred to as "Vessel Interests"), by and through their undersigned counsel, and respectfully submit their Local Rule 16 Statement as follows.

CASE SUMMARY

The *in rem* defendant vessel AURORA, (Official # 1209706), is a 67-foot motor yacht custom-built in Italy by Uniesse Marine SRL in 2008.   The Defendant Yachting Revolution, Ltd. is the legal, equitable and/or titular owner of the Vessel together with, its engines, generators, electronics, tackle, tender, furnishings, contents, storage containers, bunkers, appurtenances, etc.  The Defendant Marc Tractenberg, is the President and General Manager of Yachting Revolution, Ltd., and the beneficial owner of the Vessel.   The *in personam* defendants had the vessel built and have owned her since new.  The builder, Uniesse Marine SRL has a reputation for building high quality yachts which incorporate ultra-fine craftsmanship and finish work.

Sadly, AURORA was a victim of Hurricane Sandy which caused extensive damage along the East Coast of the United States in 2012.  While the vessel was not lost, she suffered damages which the owner undertook to have repaired by a yard that had the ability to match the expertise and fine craftsmanship exemplified by the original builder so that the vessel would remain one of the highest quality and value.  Plaintiff New England Boatworks, Inc. ("NEB") held itself out as such a yard and agreed to perform such quality repairs and restoration to, on, and for AURORA.

Apparently, at some point in 2019, while work was ongoing on the vessel by NEB, Plaintiff SHM NEB, LLC d/b/a Safe Harbor New England Boatworks, Inc. purchased the assets of NEB as a result of which each now claim to possess an interest in the claims against the *in personam* Defendants and a

maritime lien against AURORA.  In any event, after the vessel was turned over

to the yard in Portsmouth, Rhode Island in December of 2014, work on her by

NEB progressed to a limited point but was halted as a result of a demonstrated

inability to do the work agreed upon, and in the manner required to fulfill the

terms of the maritime contract between the parties.  Billing practices and

accounting issues also arose.  The work was simply not workmanlike and it

came to the point where defendants refused to pay for it.  As a result, NEB and

its successor/parent company brought this action to enforce the claimed

maritime lien through a forced sale of defendants' vessel.

## LEGAL ISSUES

On April 29, 2020, NEB initiated its collection action by filing a Verified

Complaint under Rule C of the Supplemental Rules for Certain Admiralty and

Maritime and Forfeiture Actions. It seeks an outstanding balance claimed to be

due in the aggregate amount of $316,905.00.  Defendants have counter-

claimed asserting, among others, a cause of action under the General Maritime

Law of the United States for Breach of the Warranty of Workmanlike

Performance and claiming consequential damages arising from Plaintiffs'

breaches.  In addition to those arising directly from the merits under the

causes of action asserted, legal issues include Defendants' entitlement to

Counter-Security under Rule E of the same rules and consequential release of

the vessel from *custodia legis*.

WHEREFORE, Defendants submit their Local Rule 16 Statement.

Respectfully submitted:

By their Attorneys,

WELTE & WELTE, P.A.

/s/ *William H. Welte*
William H. Welte, Esq. *(pro hac vice)*
13 Wood Street
Camden, ME 04843
Tel: 207-236-7786
Email: wwelte@weltelaw.com


MANNING GROSS & MASSENBURG, LLP

/s/ *Matthew T. Giardina*
Matthew T. Giardina, Esq. (Bar No. 8981)
One Citizens Plaza, Suite 620
Providence, RI 02903
Tel: 401-443-2100
Email: mgiardina@mgmlaw.com

**CERTIFICATE OF SERVICE**

Pursuant to LR GEN 309, I hereby certify that on September 15, 2020 the above document filed, through the ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *William H. Welte*
William H. Welte, Esq.