UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

-------------------------------------------------------------X
NEW ENGLAND BOATWORKS, INC. and
SHM NEB, LLC d/b/a SAFE HARBOR NEW
ENGLAND BOATWORKS

                                         Plaintiffs,                C.A. No.: 1:20-cv-00189-MSM-PAS

    -against-

AURORA, a 2008 67-foot Uniesse Marine SRL
motor yacht (Official # 1209706), its engines,
generators, electronics, tackle, tender,
furnishings, contents, storage containers,
bunkers, appurtenances, etc., in rem;
YACHTING REVOLUTION, LTD., in
personam; and MARC TRACHTENBERG, in
personam,

                                         Defendants.
-------------------------------------------------------------X

M & T BANK

                                         Intervenor.

-------------------------------------------------------------X

**PLAINTIFFS'/INTERVENOR DEFENDANTS' RULE 16 STATEMENT**

Plaintiffs/Intervenor Defendants New England Boatworks, Inc. ("NEB") and SHM NEB, LLC d/b/a Safe Harbor New England Boatworks ("SHM") submit this statement in advance of the Rule 16 conference scheduled for October 22, 2020, at 10:00 a.m.

This is an admiralty lawsuit of last resort. Plaintiffs couldn't get communications going with Defendants or Defendants payment of outstanding balances on their different invoices for such supplies and services each provided. The Vessel is located inside a

covered shed on SHM's Portsmouth, RI property.  Suit was filed on April 29, 2020 and the Vessel was arrested on May 28, 2020 and SHM was appointed the Vessel's substitute custodian.

After the action was served on all Parties, an Answer and Counterclaim was filed by Defendants Yachting Revolution, Ltd. and Marc Trachtenberg.  Around the same time, M&T Bank filed an Intervenor Complaint asserting it holds a Preferred Ship Mortgage.  Plaintiffs served Answers to the Counterclaim and Intervenor Complaint.

In a nutshell, SHM's and NEB's first desire in filing this lawsuit was to open a line of communication and attempt an amicable resolution.  Despite the Counterclaim (which is largely only applicable to New England Boatworks, Inc. because SHM NEB, LLC acquired New England Boatworks, Inc. assets in or around May, 2019 and prior to that date had no relationship with New England Boatworks, Inc. and no relationship with Defendants or the Vessel), Plaintiffs and Defendants have had a lot of settlement negotiations which negotiations continue.  In many ways, it seems like a settlement could be close at hand and if not, that the Parties might benefit from an early mediation.

That said, SHM and NEB are prepared to move forward with full blown litigation if a settlement is not reached in the near term.  SHM and NEB seek to foreclose maritime liens against the Vessel for certain services and supplies they each provided to the Vessel in varying amounts.  SHM and NEB also allege claims in varying amounts for breach of contract and unjust enrichment (the Admiralty court being one of equity) against Yachting Revolution, Ltd. and Marc Trachtenberg.

At this early stage, if a settlement isn't reached, and absent a judicial sale of the Vessel, substitute security should be posted to release the Vessel from arrest and

2

Defendants should pay SHM's standard storage fees going forward until the Vessel is removed from SHM's Portsmouth, RI facility; the standing of M&T Bank needs to be unpacked as well because it's unclear (seeing as it's not the bank of record on the vessel's Abstract of Title) whether it actually can prove it holds a Preferred Ship Mortgage and NEB and SHM will need to establish the elements of their respective claims including the amounts they are each owed --- this shouldn't be difficult.

As for the Counterclaim, it's reflexive and weak.  For example, documents (including emails and other exchanges) will show, among other things, that NEB's work was performed to Marc Trachtenberg's satisfaction and that NEB and SHM regularly issued invoices (which included storage charges) with their receipt being acknowledged without objection or qualification.  Further showing the Counterclaim's frailty, the bailment theory fails because Defendants were never denied access to the Vessel and allegations of the Vessel being damaged during a movement between sheds is just not true.  Period.  Full stop.

There's another legal issue in play, too.  Yachting Revolution Ltd. is identified on the Vessel's Abstract of Title as its documented owner.  However, it appears Yachting Revolution, Ltd. hasn't been in existence for approximately ten years raising, among other things, issues as to whether it has standing to pursue a counterclaim and whether Marc Trachtenberg (as its likely sole member/shareholder) is personally liable on this basis.

// Signature Page Follows //

Dated: October 15, 2020
Newport, Rhode Island

Respectfully submitted,

NEW ENGLAND BOATWORKS, INC.
SHM NEB, LLC D/B/A SAFE HARBOR
NEW ENGLAND BOATWORKS

By their attorneys,

Fulweiler llc

/s/ John K. Fulweiler
_____
John K. Fulweiler, Esq.
W.B. Franklin Bakery Building
40 Mary Street
Newport, RI 02840
Telephone: 401-667-0977
E-mail: john@saltwaterlaw.com
www.saltwaterlaw.com
*Attorneys for Plaintiffs*
*Attorneys for Intervenor Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2020, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing(s) to all the registered participants. Service on all counsel of record has been made by electronic means.

/s/ John K. Fulweiler
_____
John K. Fulweiler, Esq.